### 37703.  HARDMAN *v.* THE STATE.

CARLISLE, Judge.  1.  Where the evidence on behalf of the State showed that the defendant shot the deceased with a .22 calibre rifle at close range, the bullet penetrating the deceased's right chest, and that the deceased immediately fell to the floor and breathed a little and was thereafter removed to a hospital where he was pronounced dead by a doctor who testified that in his opinion the deceased died as a result of the bullet wound in his chest, the direct and circumstantial evidence in the case was sufficient to show that the death of the deceased resulted from the bullet wound inflicted upon him by the defendant, and the corpus delicti was sufficiently proved.  *Jester* v. *State,* 193 *Ga.* 202 (1) (17 S. E. 2d 736); *Long* v. *State,* 60 *Ga. App.* 517, 518 (4 S. E. 2d 75); *Hicks* v. *State,* 66 *Ga. App.* 577 (2) (18 S. E. 2d 637).  The evidence authorized the verdict finding the defendant guilty of voluntary manslaughter, and the trial court did not err in overruling the general grounds of the motion for a new trial and the sole special ground contending that the corpus delicti was not proved.

2. In the brief of counsel for the plaintiff in error, it is argued and contended that the defendant did not have a fair trial, but this contention is nowhere made in a special ground of the motion for a new trial, nor does it appear that it was otherwise raised in the trial court for the consideration of the judge there.  Questions raised for the first time in the appellate court will not be considered.

*Judgment affirmed.  Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 29, 1959.

*Claude V. Driver,* for plaintiff in error.
*Wright Lipford, Solicitor-General, Robert D. Tisinger,* contra.